IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TROPICAL CHILL CORP.; ALEXANDRA IRIZZARY; YASMIN VEGA; AND RENE MATOS,<br><br>    Plaintiffs<br>       v.<br><br>HON. PEDRO R. PIERLUISI URRUTIA, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PUERTO RICO, HON. CARLOS R. MELLADO LÓPEZ, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Defendants | CIVIL NO. 21-1411 (RAM) |

**Memorandum and Order**

Pending before the Court is aspiring *amicus curiae* Asociación de Alcaldes de Puerto Rico's ("Asociación") *Urgent Motion to Request Leave to File A Brief OF Amicus Curiae Asociación de Alcaldes de Puerto Rico in Support of the Defendants* ("*Urgent Motion*") (Docket No. 23). For reasons stated below, the Court **DENIES** the *Urgent Motion*.

The Court notes that "[w]hether to permit *amicus* participation is a matter of judicial discretion." United States v. Keleher, 475 F. Supp. 3d 80, 83 (D.P.R. 2020) (quoting Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970)). Regarding accepting or inviting an *amicus* brief, the First Circuit has stated:

> Nonetheless, we believe a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance.

Vernet v. Serrano-Torres, 2012 WL 13170257, at *3 (D.P.R. 2012) (quoting Strasser, 432 F.2d at 569). Whereas other Circuit Courts, such as the Seventh Circuit Court of Appeals, have explained that an *amicus* brief should be permitted "when a party is not represented competently or is not represented at all," when the *amicus* "has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case)," or in scenarios where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997) (citing Miller-Wohl Co. v. Commissioner of Labor & Industry, 694 F.2d 203 (9th Cir. 1982)). Otherwise, a request to file an *amicus* brief should be denied. *See* id.

After reviewing the arguments set forth in the *Urgent Motion*, the Court is unconvinced the Asociación's brief will "aid the Court in achieving the proper resolution of the outstanding issues in this matter." Vernet, 2012 WL 13170257, at *3. Furthermore, the Asociación has failed to state with any clarity its "special

interest" justifying its having a say in the ongoing case. Lastly, the Court is of the view that the Department of Justice of the Commonwealth of Puerto Rico is in no need of assistance in advocating for Defendants.

Based on the foregoing, the Court **DENIES** the *Urgent Motion*.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of September 2021.

S/ RAÚL M. ARIAS-MARXUACH

United States District Judge