IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TROPICAL CHILL CORP.; ALEXANDRA IRIZZARY; YASMIN VEGA; AND RENE MATOS,<br><br>    Plaintiffs<br><br>       v.<br><br>HON. PEDRO R. PIERLUISI URRUTIA, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PUERTO RICO, HON. CARLOS R. MELLADO LÓPEZ, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Defendants | CIVIL NO. 21-1411 (RAM) |

**MEMORANDUM AND ORDER**

Pending before the Court is aspiring *amicus curiae* Liberty Justice Center's ("LJC") *Motion For Leave to File Brief of Amicus Curiae Liberty Justice Center in Support of the Plaintiffs' Motion for Preliminary Injunction and Opposition to Defendants' Motion to Dismiss* ("*Motion*") (Docket No. 34). For reasons stated below, the Court **DENIES** the *Motion*.

The Court notes that "[w]hether to permit *amicus* participation is a matter of judicial discretion." United States v. Keleher, 475 F. Supp. 3d 80, 83 (D.P.R. 2020) (quoting Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970)). Regarding accepting or inviting an *amicus* brief, the First Circuit has stated that:

> [W]e believe a district court lacking joint consent of
> the parties should go slow in accepting, and even slower
> in inviting, an amicus brief unless, as a party, although
> short of a right to intervene, the amicus has a special
> interest that justifies his having a say, or unless the
> court feels that existing counsel may need supplementing
> assistance.

Vernet v. Serrano-Torres, 2012 WL 13170257, at *3 (D.P.R. 2012)

(quoting Strasser, 432 F.2d at 569). Whereas other Circuit Courts,

such as the Seventh Circuit Court of Appeals, have explained that

an *amicus* brief should be permitted "when a party is not

represented competently or is not represented at all," when the

*amicus* "has an interest in some other case that may be affected by

the decision in the present case (though not enough affected to

entitle the amicus to intervene and become a party in the present

case)," or in scenarios where "the amicus has unique information

or perspective that can help the court beyond the help that the

lawyers for the parties are able to provide." Ryan v. Commodity

Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997) (citing

Miller-Wohl Co. v. Commissioner of Labor & Industry, 694 F.2d 203

(9th Cir. 1982)). Otherwise, a request to file an *amicus* brief

should be denied. *See* id.

After reviewing the arguments set forth in the *Motion*, the

Court is unconvinced LJC's brief will "aid the Court in achieving

the proper resolution of the outstanding issues in this matter."

Vernet, 2012 WL 13170257, at *3. Furthermore, LJC has failed to

state with any clarity its "special interest" justifying it having

a say in the ongoing case. Lastly, the Court is of the view that the Puerto Rico Institute for Economic Liberty is in no need of assistance in advocating for Plaintiffs.

Based on the foregoing, the Court **DENIES** the *Motion* at Docket No. 34.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of October 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge