IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TROPICAL CHILL CORP.; YASMIN VEGA-GONZÁLEZ; ELIZA LLENZA AND RENÉ MATOS RUIZ,<br><br>**Plaintiffs**<br><br>v.<br><br>HON. PEDRO R. PIERLUISI URRUTIA, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PUERTO RICO, HON. CARLOS R. MELLADO LÓPEZ, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH OF THE COMMONWEALTH OF PUERTO RICO,<br><br>**Defendants** | CIVIL NO. 21-1411 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Plaintiffs Tropical Chill Corp., Yasmin Vega-González ("Ms. Vega-González"), Eliza Llenza ("Ms. Llenza") and René Matos-Ruiz ("Mr. Matos-Ruiz") ("Plaintiffs") filed suit against Pedro R. Pierluisi-Urrutia, Governor of the Commonwealth of Puerto Rico, and Carlos R. Mellado-López, Secretary of Health of the Commonwealth of Puerto Rico ("Defendants"), asserting violations to economic liberty property rights, bodily integrity, medical decision making, and privacy, all under the United States Constitution's Fourteenth Amendment; violations to the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb; and

supplemental claims under the Puerto Rico Constitution pertaining to separation of powers, the non-delegation doctrine, and the legality of criminal penalties under executive orders. (Docket Nos. 1 and 35). They then filed a *Motion for Preliminary Injunctive Relief and Hearing* ("*Motion for Preliminary Injunction*") requesting Defendants be enjoined from enforcing: (1) rolling executive orders related to the COVID-19 virus (hereinafter, "COVID-19"); and (2) Regulation 138-A, which requires proof of a COVID-19 vaccine for the issuance of a health certificate. (Docket No. 7). Defendants opposed. (Docket No. 19).

The Court referred the pending motion to Magistrate Judge Marcos E. López for an evidentiary hearing and Report and Recommendation ("R & R"). (Docket No. 56). After a six-day hearing, the Magistrate issued an R & R recommending denial of the request for preliminary injunction. (Docket No. 103). Plaintiffs timely objected, Defendants responded, and Plaintiffs replied. (Docket Nos. 114, 121 and 127). After reviewing the detailed and well-reasoned R & R, the Court **ADOPTS** the same and **DENIES** the *Motion for Preliminary Injunction* at Docket No. 7.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A. The Magistrate Judge's R & R

Magistrate Judge López reasoned that Plaintiffs lacked a likelihood of success as to their claims of violations to their substantive due process rights. (Docket No. 103 at 15-45). He

further highlighted that several Plaintiffs lack standing as to their claims of violations to their property and economic liberty rights. Id. at 15-19. For example, Ms. Vega-González alleges the executive orders related to COVID-19 caused her Airbnb property's occupancy rate to decrease. Id. at 16-17. But the R & R concluded she did not have standing to assert that given she did not show an actual, concrete, or particularized harm nor a causal connection between the mandate and her harm. Id. at 17.

Likewise, the Magistrate found that Mr. Matos-Ruiz's claim that Regulation 138-A violates his property rights was unripe. Id. at 18-19. Mr. Matos-Ruiz argues that while he renewed his health certificate in August 2021, he fears he may be unable to do so in August 2022 since he does not have the COVID-19 vaccine. Id. at 18. The Magistrate held that since Mr. Matos Ruiz suffers no present injury and it is unclear if he would have issues in August 2022, his claim is unripe. Id. at 19. The R & R also found Ms. Llenza's claim regarding Regulation 138-A was unripe. She argues Regulation 138-A infringes on her constitutional rights by preventing her from obtaining a health certificate for the first time. Id. However, the Magistrate concluded she cannot claim a property interest in something she does not have. Id.

The R & R further reasoned Ms. Vega-González failed to show a likelihood of success on the merits as to her claim that executive orders like the 2021 Executive Order No. 75 ("EO-75"),

ordering her to request the vaccination status of her guests,
violated her rights under RFRA. Id. at 45-48. The Magistrate
reasoned her claim lacked a likelihood of success because there
are other, less restrictive, options for her to comply with EO-75
including asking guests for a negative COVID-19 test or evidence
of a positive COVID-19 infection and proof of recovery. Id. at 48.
The Magistrate also held Plaintiffs did not show a likelihood of
success on their claim that EO-75 violated the Puerto Rico
Constitution. Id. at 48-54. Plaintiffs argue EO-75 infringes on
the separation of powers and the delegation doctrine because the
executive orders at issue should be enacted by a local Health
Department instead of the island's governor. Id. They also posit
the executive orders should not contain criminal penalties for
noncompliance. Id. at 50-53. However, the Magistrate disagreed,
finding that public policy and scientific evidence underlying the
public emergency meant the Legislature's statutory grant of
authority to the Governor does not contravene the delegation
doctrine. Id. at 54. Finally, the R & R found the other injunction
factors – irreparable harm, the balancing of equities and public
interest – also disfavored an injunction. Id. 54-61.

**B. Plaintiffs' Objection To The R & R**

Plaintiffs first object to the R & R's analysis of the
evidence submitted as to vaccine effectiveness, COVID-19
transmission rates among the vaccinated and unvaccinated, natural

immunity, Farr's law (a theory that viruses become more contagious yet less lethal), and hospitalizations rates. (Docket No. 114 at 5-32). They also assert the R & R wrongly concluded Mr. Matos-Ruiz lacks standing as to his property rights claim because it is "entirely reasonable" he will have issues obtaining a certificate in August 2022 since Regulation 138-A does not state it is temporary. Id. at 32-39. As to Ms. Vega-González's RFRA claim, they state the Magistrate erred when finding Defendants had used the "least restrictive means" to limit COVID-19's spread given they did not show how EO-75's requirements of proof of vaccination or a negative COVID-19 test for Airbnb guests furthered a state interest sufficient to disregard her faith. Id. 34-36; 39-45.

Plaintiffs also challenge the R & R's finding that EO-75 and Regulation 138-A do not infringe upon their due process rights and that Regulation 138-A is neither arbitrary nor capricious. Id. at 45-54. They likewise contest the finding that the rolling executive orders do not encroach upon their economic liberties and argue it did not address "the true scope of the pendent claims" challenging EO-75. Id. at 54-62. Lastly, they object to the finding that Plaintiffs did not establish the other injunction factors and assert the Magistrate ignored evidence showing vaccine mandates do not reduce COVID-19 transmissibility. Id. at 62-68.

## C. Defendants' Response To Plaintiffs' Objection

In their response to the objection, Defendants posit the R & R's conclusions have evidentiary support and Plaintiffs' claims should be dismissed as moot due to the repeal of the challenged executive orders via Executive Order No. 19 of March 2022 ("EO-19"). (Docket No. 121 at 5-8; 11-23). This order, among other things, repealed capacity limitations and the requirement to verify clients and visitors' vaccination status in private establishments. Id. Further, Defendants contend the exceptions to mootness, i.e., voluntary cessation and capable of repetition yet evading review, are inapplicable here. Id. at 8-11. They also posit Plaintiffs lack a constitutional right to economic liberties since the Supreme Court has never afforded protection to such a right. Id. at 31-37. Hence, they argue the Magistrate correctly decided Plaintiffs do not have standing to bring this claim. Id. Defendants also contend Plaintiffs failed to direct the Court to case law showing vaccine mandates or COVID-19 testing infringes upon their due process rights to bodily integrity, medical decision making, and privacy. Id. at 37-41. Lastly, they echo the R & R's finding that the Governor may issue executive orders during a state of emergency and enforce criminal penalties thereunder. Id. 41-42.

## D. Plaintiffs' Reply To Defendants' Response

Plaintiffs subsequently replied to Defendants' response. (Docket No. 127). They argue Defendants' mootness claim warrants

a separate motion to dismiss. Id. at 2-3. They also aver their claims are not moot because Regulation 138-A is still in effect and argue they meet the doctrine's exceptions. Id. Plaintiffs claim the voluntary cessation exception applies because there is an ongoing state of emergency and the orders could be reinstated. Id. 4-7. Hence, they aver the controlling precedent is Bayley's Campground, Inc. v. Mills, finding an executive order's voluntary recission did not moot an injunction request since it could be reimposed. Id.; see Bayley's Campground, Inc. v. Mills, 985 F.3d 153, 157 (1st Cir. 2021). As to the second exception, capable of repetition yet evading review, they argue its two factors are met, namely: (1) that the orders lasted too little to be fully litigated before expiring; and (2) there is a reasonable expectation they might be subject to them again. Id. at 7. Finally, Plaintiffs take issue with how Defendants address the Omicron variant ("Omicron") and did not distinguish between hospitalizations "with COVID" and "for COVID." Id. at 9-10. They allege this shows Omicron is more contagious yet less lethal than prior strains. Id.

## II.  STANDARD OF REVIEW

The Court may refer non-dispositive motions to a Magistrate Judge for an R & R. See 28 U.S.C. § 636(b)(1)A); Fed. R. Civ. P. 72(b)(2). Within fourteen days of receiving a copy of the R & R, "a party may serve and file specific written objections to the proposed findings and recommendations." Id. Upon filing of a timely

objection, a party is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." <u>Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero</u>, 2018 WL 6131777, at *1 (D.P.R. 2018) (quotation omitted); *see also* <u>Ponsa-Rabell v. Santander Securities, LLC</u>, 2020 WL 4219685, at *1 (D.P.R. 2022). When performing this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1).

### III. DISCUSSION

After an independent review of the R & R, the Court finds Plaintiffs' objections to the same are unfounded. "Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." <u>Chen v. I.N.S.</u>, 87 F.3d 5, 7 (1st Cir. 1996) (quotation omitted). However, the Court will briefly address some of the most significant objections below.

### A. The Magistrate Judge Did Not Ignore Plaintiffs' Evidence

Plaintiffs contend the R & R undermined and/or ignored evidence regarding immunity against COVID-19, COVID-19 transmission among vaccinated and unvaccinated people, and the applicability of Farr's law, among other topics. (Docket No. 114 at 5-32; 45-53). However, a review of the R & R shows that the Magistrate conducted a thoughtful review of the evidence proffered

and found Defendants' evidence was the most complete, accurate, and credible. (Docket No. 103 at 33-39; 41-45; 60-61). The Court sees no reason to reach an alternate conclusion and "will not tamper with the credibility determinations made by the Magistrate[.]" United States v. Nunez-Torres, 601 F. Supp. 2d 388, 391 (D.P.R. 2008) (citing United States v. Raddatz, 447 U.S. 667, 681 n. 7 (1980)); see also United States v. Cruz-Arroyo, 2019 WL 1282833, at *6 (D.P.R. 2019) (quotation omitted)(noting that when findings stem from "determinations regarding the credibility of witnesses, great deference is given to the trial court's findings[.]")(quotation omitted).

### B. Plaintiffs Cannot Introduce Evidence Not Presented Before The Magistrate Judge To Object To The R & R

Plaintiffs dedicate a significant portion of their objections to the R & R and reply to Defendants' response on the implications of Omicron and its spread in Puerto Rico from December 2021 to present in hopes of arguing for the validity of Farr's Law. (Docket Nos. 114 at 3-11, 19, 25-32, 51, 63-64, 67; 127 at 9-10). However, as Defendants point out, the surge in COVID-19 cases in Puerto Rico due to Omicron arose after the injunction hearing on December 6-14, 2021. (Docket Nos. 111 at 20; 121 at 18). In fact, the first case of Omicron on the island was not reported until December 13, the second to last day of the hearing. Id.

Expert witnesses from both parties **only testified *briefly* about Omicron**. (Docket Nos. 106-111). All four experts either noted the preliminary nature of the available findings regarding Omicron or conceded that, at the time of the hearing, it was too early to make a proper assessment regarding this new variant of concern. (Docket Nos. 106 at 64, 73-74, 85; 109 at 14-15; 108 at 66, 94; 111 at 20, 38-39, 45).

Beyond these general references to Omicron, the record does not show the Magistrate was presented with much evidence regarding Omicron when ruling upon the request for preliminary injunction. Accordingly, the R & R does not even mention the Omicron surge. (Docket No. 103). Hence, the Court will not consider evidence or arguments regarding Omicron not properly presented to the Magistrate Judge. "**A district court is under no obligation to discover or articulate new legal theories for a party challenging a report and recommendation issued by a magistrate judge.**" Pabon-Mandrell v. United States, 91 F. Supp. 3d 198, 201 (D.P.R. 2015) (quoting Santiago v. Canon U.S.A., Inc._, 138 F.3d 1, 4 (1st Cir. 1998)). A party objecting to an R & R is "**'not entitled to a de novo review of an argument never raised'**" before a Magistrate and "such arguments are deemed to be waived." WM Cap. Partners 53, LLC v. Allied Fin., Inc., 2018 WL 1704474, at *2 (D.P.R. 2018) (quoting Borden v. Sec. of Health and Human Serv., 836 F.2d 4, 6 (1st Cir. 1987)) (emphasis in original).

### C. The Magistrate Judge Properly Found That Mr. Matos-Ruiz And Ms. Llenza's Property Rights Claims Appear To Be Unripe

Plaintiffs posit the R & R incorrectly determined that Mr. Matos-Ruiz's property claim is unripe because Regulation 138-A contains no expiration date. (Docket No. 114 at 38-39). Thus, they argue he can reasonably expect to have issues acquiring a health certificate in August 2022 because he is not vaccinated. Id. To wit, the First Circuit has held that "[g]enerally, a 'mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship'" when determining whether a claim is ripe for adjudication. Roman Cath. Bishop of Springfield v. City of Springfield, 724 F.3d 78, 90 (1st Cir. 2013) (quoting Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño, 669 F.3d 1, 9 (1st Cir. 2012)). Thus, the Court agrees with the Magistrate that: (1) Mr. Matos-Ruiz's claim appears to be unripe because he suffers no *present* injury as he has a health certificate acquired one day after Regulation 138-A was issued; and (2) the Court should not hypothesize whether the COVID-19 pandemic related restrictions will be in place by August 2022. (Docket No. 104 at 13, 18-19).

Lastly, Plaintiffs failed to object to the finding that Ms. Llenza's property rights claim is unripe. Thus, they waived any objection to the same. *See* United States v. Torres-Mejias, 2022 WL 203072, at *3 (D.P.R. 2022) (quotation omitted). Absent any

objection, the Court has "a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Id. (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert denied, 474 U.S. 1021 (1985)) (alternations in original).

### D. The Magistrate Judge Correctly Found That Ms. Vega-González Appears To Lack Standing To Assert Her Economic Liberty and Property Rights Claims

Plaintiffs do not meaningfully challenge the Magistrate's finding that Ms. Vega-González lacks standing to assert that her economic liberty and property rights are being violated by EO-75. (Docket Nos. 103 at 9-10; 114 at 34-36). For example, they aver the Magistrate failed to properly consider Ms. Vega-González's testimony that the occupancy rate of her Airbnb property decreased after the executive orders were enacted. (Docket No. 114 at 34). The R & R considered that argument, but also took into account that Ms. Vega-González was unable to explain the property's normal capacity or if the decrease was due to any other reason. (Docket Nos. 103 at 17; 121 at 36-37). The Magistrate also highlighted that Ms. Vega-González invoked the Fifth Amendment when asked if she was requesting proof of vaccination from her guests in compliance with EO-75. (Docket Nos. 103 at 10, 17; 112 at 84-85; 121 at 37). He clarified that while this invocation was not being held against her, Ms. Vega-González still failed to show a substantial likelihood of standing on her claim that her economic

liberty and property rights were being violated by EO-75. Id. at 17.[1] The Court agrees with the Magistrate Judge and Plaintiffs have not placed this Court in a position to rule any differently.

### E. The Magistrate Judge Properly Determined That Ms. Vega-González's Claims That EO-75 Violated Her Rights Under RFRA Are Unfounded

Plaintiffs also object to the Magistrate's finding that EO-75 did not violate Ms. Vega-González's rights under RFRA. (Docket No. 114 at 39-45). As noted in the R & R, Ms. Vega-González claims that *any* government impositions regarding COVID-19 testing and vaccination violate her religious beliefs. (Docket No. 103 at 9-10, 45-48). However, the Magistrate Judge concluded that Ms. Vega-González failed to show how less restrictive alternatives proffered by EO-75, such as asking her guests for a negative COVID-19 test instead of their vaccination status, violates those beliefs. Id. at 46-47. The Court agrees with the Magistrate that Ms. Vega-González failed to show a likelihood of success on her claims that EO-75 violated her rights under RFRA.

### F. Plaintiffs' Claims Are Not Moot At This Juncture

Finally, while Defendants' response to Plaintiffs' objection spends a significant part positing that Plaintiffs' claims are

---

[1] *See also* Alvarado-Solivan v. Comision Estatal de Elecciones, 552 F. Supp. 3d 226, 228 (D.P.R. 2021) (citations omitted) (finding that even if defendants can invoke the Fifth Amendment in civil cases if disclosure would be incriminating, these invocations are "are not costless, often disadvantaging the opposing party by preventing the disclosure of certain evidence, "frustrating the search for truth" and "[a]dverse inferences are an appropriate remedy in such instances.")

moot due to EO-75's repeal in March 2022 via EO-19, **EO-19 did not end the state of emergency as to COVID-19 in Puerto Rico.** (Docket No. 121 at 5-8, 11-23). Thus, Plaintiffs' claims are not necessarily moot. *See* <u>Bayley's Campground, Inc.</u>, 985 F.3d at 157.

### IV.   CONCLUSION

The Court has made an independent, *de novo*, examination of the entire record and finds that Magistrate Judge López's extensive analysis and conclusions are well supported. Therefore, the R & R is **ADOPTED** *in toto* and in accordance with the Magistrate Judge's recommendation, the *Motion for Preliminary Injunction* at Docket No. 7 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of July 2022.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge
